IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**JEFFERY LEWIS,**

    **Plaintiff,**

    v.                            CASE NO.  16-3117-SAC-DJW

**CLAUDE MAYE, Warden,
USP-Leavenworth, et al.,**

    **Defendants.**


## NOTICE AND ORDER TO SHOW CAUSE

Plaintiff is an inmate at the United States Penitentiary in Leavenworth, Kansas (USPL). He filed this pro se civil rights complaint under 28 U.S.C. § 1331[1] in which he complains that his right to freely practice his religion was violated by defendants at the USPL. Plaintiff is hereby required to show good cause in writing to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed for the reasons discussed below.

### I. ALLEGATIONS AND CLAIMS

As the factual background for this complaint, plaintiff alleges the following. He is a member of the Nation of Islam,

---

[1] Plaintiff incorrectly submitted his initial pleading upon forms for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. A claim regarding conditions of confinement, which includes complaints alleging interference with an inmate's religious practices, may not be litigated in a habeas corpus petition. Instead, such claims must be litigated in a civil rights complaint. The court sent plaintiff forms for filing a civil rights complaint under 28 U.S.C. § 1331, since he is a federal inmate, and ordered him to submit his complaint upon the proper forms.

1

which annually celebrates Savior's Day on February 26. Chaplain Sutton allowed him to participate in this religious holiday, but Chaplain Hughes stated that Savior's Day was not important enough to be recognized and that other activities in the multi-faith Life Connections Program (LCP), of which plaintiff was a member, took precedence over this Islamic holiday. Plaintiff complained to Assistant Warden Loftess and administratively. He was threatened with repercussions by defendant Hughes and "kicked out of the program" by LCP Chaplain Zimmerman in August 2015 at Chaplain Hughes' instruction. Various reasons were given but he was removed mainly for asserting his right to pursue administrative and judicial relief. Zimmerman told him that he was a trouble maker and if he withdrew his administrative claim, he would be reinstated at the same level.

As Count I in his complaint, plaintiff claims that defendants denied his religious rights under the First Amendment and "violated the RFRA under 42 U.S.C. §2000bb." As supporting facts for this claim, he repeats that Chaplain Hughes did not permit him to observe Savior's Day. As Count II, plaintiff claims that he was unjustly punished and discriminated against for his religious beliefs. In support, he alleges that he was removed from LCP because he lodged a complaint against Hughes for denying his religious rights and that Hughes is a staff member under defendant Maye. Plaintiff makes the same claim and

allegations in Count III, then adds that Hughes' conduct was due to his personal prejudices and lack of respect for plaintiff's religious holiday.

The only relief sought by plaintiff is $500,000 for pain and suffering and "an amount determined by the court" for punitive damages.

## II. FILING FEE

The fees for filing a civil action in federal court total $400.00, or for one that is granted leave to proceed in forma pauperis the fee is $350.00. Plaintiff has submitted a Motion for Leave to Proceed without Prepayment of Fees (Doc. 5). However, this Request does not meet all statutory requirements. 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit a "certified copy" of the "trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff has provided a list of transactions and balances for 5 months and 8 days that is not a certified copy. 28 U.S.C. § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months

3

immediately preceding the date of filing of the civil action. Since petitioner provides transactions for only five complete months of the relevant time period, the court calculates his part fee based on those five months. Having examined the records of plaintiff's account, the court finds the average monthly deposit during the five months preceding the filing of this action was $393.60, and the average monthly balance was much less. The court therefore assesses an initial partial filing fee of $78.50, which is twenty percent of the average monthly deposit rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed further, and is given time to submit the fee to the court. His failure to pay this part fee in the time allotted may result in dismissal of this action without further notice.

Plaintiff is reminded that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full amount of the filing fee. Instead, it merely entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as funds become available.[2]

**III.   STANDARDS**

---

[2]   Under 28 U.S.C. § 1915(b)(2), the Finance Office of the facility where Mr. Lewis is confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in his institution account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

### A. *Screening*

Because plaintiff is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative

level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. The Tenth Circuit Court of Appeals has also explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### B. *Immunity*

State officials are immune to suit for damages in their official capacity because an official capacity lawsuit against a state official is a suit against the State, and damages suits against the State are barred by the Eleventh Amendment.

### C. *Personal Participation*

An essential element of a civil rights claim against an individual is the defendant's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997). An official's

6

liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008)("[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.")[3]; *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). "Because vicarious liability is inapplicable," a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Consequently, a plaintiff is required to name each defendant listed in the caption again in the body of the complaint along with a description of the acts taken by each individual defendant that plaintiff believes violated his federal constitutional rights.

   **D.  *First Amendment - Religious Freedom***

"Under the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(citation omitted); *McKinley v. Maddox*, 493 Fed. App'x 928 (10th Cir. 2012); *Makin v. Colorado*

---

[3] The allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); see *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

*Dept. of Corrections*, 183 F.3d 1205 (10th Cir. 1999).  In order to state a claim of constitutional denial of free exercise of religion, a prisoner must allege that defendants "substantially burdened his sincerely-held religious beliefs."  *Gallagher*, 587 F.3d at 1069.  In addition, he "must assert conscious or intentional interference with his free exercise rights."  *Id.* at 1070.  "If the prisoner satisfies this initial step, 'defendants may identify the legitimate penological interests that justified the impinging conduct,' and '[t]he burden then returns to the prisoner to show that these articulated concerns were irrational.'"  *McKinley*, 493 Fed. App'x at 932 (citation omitted).  The court then balances factors set forth by the Supreme Court "to determine the reasonableness" of the conduct.  *Id.*  The Tenth Circuit has identified "three broad ways government action may impose a substantial burden on religious exercise:"

> requir[ing] participation in an activity prohibited by a sincerely held religious belief, or (2) prevent[ing] participation in conduct motivated by a sincerely held religious belief, or (3) plac[ing] substantial pressure on an adherent either not to engage in conduct motivated by a sincerely held religious belief or to engage in conduct contrary to a sincerely held religious belief, such as where the government presents the plaintiff with a Hobson's choice-an illusory choice where the only realistically possible course of action trenches on an adherent's sincerely held religious belief.

8

*Strope v. Cummings*, 381 Fed. App'x 878, 881 (10th Cir. 2010)(citing *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1316)(10th Cir. 2010)).  In *Strope*, the Tenth Circuit reasoned as follows:

> Illustrating the distinction between substantial burden and inconvenience, we held (1) the flat denial of a halal diet with approved meats was actionable, *id*. at 1316-20, but (2) an incident (the panel concurrence notes "sporadic incidents") in which a prisoner's meal was rendered inedible by service of prohibited items contaminating his tray was not actionable, *id*. at 1320-21; *id*. at 1325; see also *Gallagher*, 587 F.3d at 1070 (holding isolated violation of kosher restrictions did not support Free Exercise claim).  We "assume[d] that as the frequency of presenting unacceptable foods increases, at some point the situation would rise to the level of a substantial burden," but that level had clearly not been reached.

*Id.* (citing *Abdulhaseeb*, 600 F.3d at 1321).

Recovery under RLUIPA[4] is limited to official capacity claims "against a government" for equitable relief.  *See Sossamon v. Texas*, 563 U.S. 277, 1655 (2011)(holding Eleventh Amendment immunity bars RLUIPA claims for money damages); *Stewart v. Beach*, 701 F.3d 1322, 1335 (10th Cir. 2012)(noting RLUIPA does not permit individual capacity claims).

   E.  *Retaliation*

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his 'constitutional rights.'"  *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir.

---

[4] The Religious Land Use and Institutionalized Persons Act targets restrictions on the religious exercise of institutionalized persons.  42 U.S.C. §2000cc-1.

1990); *Penrod v. Zavaras*, 94 F.3d 1399, 1404 (10th Cir. 1996). However, an "inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). Thus, for this type of claim "it is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990)(plaintiffs must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."). To prevail, a prisoner must show that the challenged actions would not have occurred "but for" a retaliatory motive. *Baughman v. Saffle*, 24 Fed. App'x 845, 848 (10th Cir.2001)(citing *Maschner*, 899 F.2d at 949-50; *Peterson*, 149 F.3d at 1144)); *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999)("[T]he inmate must allege more than his personal belief that he is the victim of retaliation.").

### F. *Equal Protection*

The Equal Protection Clause requires that "all persons similarly circumstanced shall be treated alike." *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920). *Fogle v. Pierson*, 435 F.3d 1252, 1260 (10th Cir.), *cert. denied*, 549 U.S. 1059 (2006)("Equal protection is essentially a direction that

all persons similarly situated should be treated alike."); *Grace United Methodist Church v. City of Cheyenne*, 427 F.3d 775, 792 (10th Cir. 2005). An equal protection violation occurs when the government treats someone differently from another person who is similarly situated, without adequate justification for the difference in treatment. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1118 (10th Cir. 1991). Therefore, in order to succeed on an equal protection claim, plaintiff must allege that he was "similarly situated" to other inmates, and that the difference in treatment was not "reasonably related to legitimate penological interests." *Fogle*, 435 F.3d at 1261 (citing *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998); *Turner v. Safley*, 482 U.S.78, 89 (1987)); see also *Rider v. Werholtz*, 548 F.Supp.2d 1188 (D.Kan. 2008)(citing *Riddle v. Mondragon*, 83 F.3d 1197, 1207 (10th Cir. 1996)). A plaintiff alleging an equal protection violation must present specific facts which demonstrate that a "discriminatory purpose" was a motivating factor in the disparate treatment attacked in the complaint. *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988); *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979). Because of the wide discretion afforded to prison officials and the many relevant factors these officials may consider when dealing with inmates,

11

an inmate who is not part of a suspect class faces a difficult task to state an equal protection claim.

### G. *Damages Claims*

Section 1997e(e) . . . provides in pertinent part:

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in Section 2246 of Title 18).

42 U.S.C. § 1997e(e). Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002).[5] In *Searles*, the Tenth Circuit specifically held that this limitation on recovery in § 1997(e)(e) applied to a First Amendment claim that prison officials denied the plaintiff a Kosher diet and plaintiff's claims for actual or compensatory damages. *Id.* at 879, 881; *see also Sisney v. Reisch*, 674 F.3d 839, 843 (8th Cir.), *cert. denied*, 133 S.Ct. 359 (2012).

Punitive damages are available in a civil rights lawsuit. However, they "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected

---

[5] "'Nominal damages are damages in name only, trivial sums such as six cents or $1" that do not purport to compensate for past wrongs" and "are symbolic only." *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1264 (10th Cir. 2004) (citation omitted).

12

rights of others.'" *Searles*, 251 F.3d at 879; (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)); *Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992); see also *Patel v. Wooten*, 264 Fed. App'x 755, 760 (10th Cir. 2008).

**IV. DISCUSSION**

The court has applied the foregoing standards to plaintiff's complaint and finds that this action is subject to dismissal for the following reasons.

Plaintiff does not specify if he seeks damages from defendants in their official or individual capacity or both. Plaintiff's claims against defendants in their official capacity, if any, are subject to dismissal based on Eleventh Amendment immunity. Accordingly, this lawsuit is treated as against defendants in their individual capacity only.

This action is subject to dismissal as against Warden Maye because plaintiff alleges no facts showing the personal participation of defendant Maye in any of the acts that plaintiff claims violated his constitutional rights.

Plaintiff's claim under RLUIPA is subject to dismissal because the "only relief available to (plaintiff) under RLUIPA is injunctive relief against a defendant in his official capacity." *AlAmiin v. Morton*, 528 Fed. App'x 838, 842 (10th Cir. 2013)(citing see *Sossamon*, 563 U.S. at 293 (holding that states have not waived their sovereign immunity against suits for money

13

damages under RLUIPA); *Stewart*, 701 F.3d at 1335 ("[T]here is no cause of action under RLUIPA for individual-capacity claims.").

Plaintiff's claims of retaliation are subject to dismissal for failure to allege adequate specific facts in support. Plaintiff's allegations regarding retaliation are generally conclusory rather than specific and based on self-serving hearsay. For example, his allegations as to Chaplain Zimmerman's finding him a trouble maker, removing him from a program at the instruction of defendant Hughes, and rebuking him for pursuing administrative remedies appear to be either speculative or hearsay. Furthermore, in his Memorandum, plaintiff alleges that "Chaplain Zimmerman's documented reason for removing Plaintiff from LCP was because he felt the program was not benefiting Plaintiff." Thus, plaintiff's own allegations indicate a "documented" reason that does not support his claim of unconstitutional retaliation. Consequently, plaintiff has not alleged specific facts showing retaliation because of the exercise of his constitutional rights and does not demonstrate that 'but for' defendant's retaliatory motive, the incident of which he complains would not have taken place.

Plaintiff's allegations of "outright arbitrary discrimination" and "blatant discriminatory action" by defendant Hughes are nothing more than formulaic phrases that are subject

14

to dismissal for failure to allege facts establishing the essential elements of a denial of equal protection claim. See *Rider v. Werholtz*, 548 F.Supp.2d 1188 (D.Kan. 2008)(citing *Riddle v. Mondragon*, 83 F.3d 1197, 1207 (10th Cir. 1996)). Plaintiff does not identify similarly-situated individuals who received different treatment, and he fails to allege facts establishing a discriminatory purpose on the part of either defendant.

The only relief requested in the complaint is money damages. Plaintiff's request for compensatory damages for "pain and suffering" is subject to dismissal as barred by 42 U.S.C. § 1997e(e). Plaintiff has not described any physical injury that was caused by the alleged deprivation of his right to observe "Savior's Day." Likewise, plaintiff's bald claim for punitive damages is subject to dismissal because he alleges no facts showing culpable motive or intent.

Finally, the court notes that on the same day that plaintiff filed his form complaint he filed a Memorandum of Law (Doc. 6) in which he mainly repeats the allegations in his complaint. However, he attached exhibits of his administrative remedies to this document, which indicate that plaintiff alleged in his grievances that he refused to attend a "Life Connections Program" on what he called his "religious day off" and filed a grievance after defendant Hughes "sanctioned" him for

15

complaining and "refusing to attend the ICVC panel." Plaintiff did not complain of any action or inaction on the part of defendant Maye in his exhibited grievances. Nor did he mention any retaliatory acts by either defendant or seek damages for any physical injury. Thus, it appears that plaintiff did not exhaust administrative remedies on these claims. Under 42 U.S.C. § 1997e(a), a prisoner must exhaust his administrative remedies on his claims prior to filing a lawsuit in federal court. These particular claims are subject to dismissal for failure to exhaust prison administrative remedies.

The court finds that this action is subject to dismissal for all the foregoing reasons.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $78.50. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED that** within the same thirty-day period, plaintiff is required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why plaintiff's complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 21st day of September, 2016.

**s/ David J. Waxse**
**David J. Waxse**
**U. S. Magistrate Judge**
